In the Matter of JOHN F. LEE, Petitioner, against JOHN DOE et al., as Inspectors of Election of the 20th Election District of the Second Assembly District, Borough of Richmond, City of New York, Respondents.

Supreme Court, Special Term, Richmond County, November 7, 1944.

*Cornelius Bregoff* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Cyrus C. Perry* and *Matthias G. Gleason* of counsel), for respondents.

NORTON, J.  The petitioner in this proceeding requests the right to be allowed to register in the election district where he claims residence for the last three years and to sign the registration book and enter the voting machine booth and cast his vote as an elector of such election district.

He appeared on election day, November 7, 1944, at the polling place in the election district where he claims residence, and made a demand of the inspectors of election of the right to vote.  This was refused.

Petitioner is a first lieutenant in the United States Army Air Force, and alleges that in August, 1944, he applied for a soldier's ballot by writing to the War Ballot Commission at Albany, New York; that at that time he was stationed in England; and that some time in September of 1944 he received a card from the War Ballot Commission acknowledging receipt of his application for such ballot, and at the same time advising him that a proper war ballot was being forwarded to him in England.  However, before the receipt of the said war ballot and on October 18, 1944, he was relieved from further duty in England and transferred to duty in the United States, arriving in the United States on October 19, 1944; and since that time has resided at his home in such election district on leave awaiting further orders of the army.  He is unmarried and has resided for three years last past with his parents in such election district.

Section 303 of article 12 of the Election Law, effective March 18, 1944, provides: " Notwithstanding any inconsistent provision of law, any war voter who complies with the provisions of this article shall be entitled to vote at the election, subject only to the limitations herein prescribed."

The petitioner made due application in writing for a soldier's ballot, and a card was received by him from the War Ballot Commission acknowledging receipt of his application and advising that a proper war ballot was being forwarded to him in England. Nothing further was required of this member of the armed forces of the United States to be done in order for him to be entitled to vote.  If for some reason, through inadvertance, negligence or otherwise, he does not appear on the registry lists in this particular election district, it cannot be said that he is in

any way responsible therefor. This petitioner has and is serving his country in the air force of the Army, at home and overseas, and should not be deprived of one of the rights that our boys are fighting to maintain, to wit, the right to vote.

The application is granted.